FRANCIS TUMBLETY, Appellant, *against* WILLIAM P. O'CONNOR, Respondent.

(Decided April 13th, 1885).

Upon a sale of negotiable paper by one having possession without right or authority to sell, to establish bad faith on the part of the purchaser, as against the rightful owner, it must appear, not only that he had notice of facts that would put a prudent man upon inquiry, but that he knew of facts that would necessarily lead the mind to believe that the seller was disposing of the paper without lawful authority.

APPEAL from a judgment of this court entered upon the dismissal of a complaint at the trial.

The facts are stated in the opinion.

*P. & D. Mitchell*, for appellant.

*Edw. C. Boardman*, for respondent.

VAN HOESEN, J.—One fact is indisputable, and that is, that Lyons did not obtain the bonds under or by means of the power of attorney. It had no connection with Lyons' possession of the bonds. Tumblety himself carried the bonds to Lyons' house, and there gave them to Lyons' mother, that she might deliver them to her son. Tumblety

undoubtedly intended that Lyons should cut off the coupons and present them for collection, but he did not intend that Lyons should sell the bonds themselves. The bonds were payable to bearer, and were negotiable, and transferable by delivery. Unless O'Connor was guilty of bad faith in making the purchase of the bonds from Lyons, the plaintiff has no claim against him. There is absolutely no evidence of bad faith on the part of O'Connor. In order to establish bad faith in a purchaser of negotiable paper, it must be made to appear, not merely that he had notice of facts that would put a prudent man upon inquiry, but that he knew of facts that would necessarily lead the mind to believe that the seller was disposing of the paper without lawful authority (*Welch* v. *Sage*, 47 N. Y. 143). Proof that O'Connor knew that Lyons had been appointed the attorney in fact of the plaintiff, and that the power of attorney was placed at the disposal of O'Connor, so that he might have read it if he had been inclined to do so, is insufficient to warrant the conclusion that he knew that Lyons was misappropriating the bonds. Lyons was not acting under the power of attorney, nor would an examination of it have shown whether he had or had not obtained from Tumblety oral authority to sell the bonds. The authority given to Lyons to collect the coupons was by parol, and the power to sell the bonds might have been conferred in the same way. But it is proved that the power of attorney was mentioned to O'Connor, not as showing what authority Lyons possessed, but merely as evidence of his identity. That identity was established by the recognition of Lyons by Mr. Vose, and O'Connor consequently did not examine the power of attorney. There was no evidence, therefore, that would have justified the jury in finding O'Connor guilty of bad faith in purchasing the bonds, and the complaint was properly dismissed upon the merits.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment affirmed.